**NOT FOR PUBLICATION**

APR 22 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIA GARCIA VERONICA, | No. 11-72874 |
| Petitioner, | Agency No. A079-163-068 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Antonia Garcia Veronica, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Garcia Veronica testified that she separated from her abusive former common-law husband in 1998, she has not been threatened by him since 2000, and she married another man in 2005. Substantial evidence supports the BIA's determination that, even if Garcia Veronica credibly established past persecution based on membership in a particular social group, there has been a fundamental change in circumstances such that Garcia Veronica does not face a clear probability of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Popova v. INS*, 273 F.3d 1251, 1260 (9th Cir. 2001) (evidence regarding changed circumstances must show that "there has been a change in the conditions that would affect [the applicant] individually"). Accordingly, Garcia Veronica's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Garcia Veronica failed to establish that it is more likely than not "that a government official or person acting in an official capacity" would torture her or acquiesce in her torture if she returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

11-72874

We lack jurisdiction to consider Garcia Veronica's claims that her detention and the denial of her change of venue requests violated her due process rights, because she did not raise these arguments in her appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676 (9th Cir. 2004) (exhaustion requirement not met where appeal "nowhere mention[ed]" petitioner's due process challenge). We similarly lack jurisdiction to consider Garcia Veronica's claims related to her family's fear of drug traffickers, her race, or her request for humanitarian relief. *See id.*

Finally, our review is limited to the administrative record and thus we do not consider materials included with petitioner's opening brief that were not available to the agency. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**